UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:18-cv-02159-SVW-SHK | Date | December 11, 2018 |
| Title | *Changsha Metro Group Co. Ltd. v. Peng Xufeng et al.* | | |

JS-6

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING MOTION TO REMAND [12][20]

## I.   Introduction

On September 7, 2018, Plaintiff Changsha Metro Group Co., Ltd., a Chinese company wholly owned and regulated by the Chinese government, filed a lawsuit in state court against Defendants Peng Xufeng and Jia Siyu, who currently reside in San Bernardino, California. *See* Dkt. 1-1 ¶¶ 8-9. Plaintiff alleges that Defendant Peng, assisted by his wife, Defendant Jia, committed numerous acts of bribery, money laundering, and other abuses of power regarding transportation infrastructure and urban construction for Defendant Peng's personal benefit through his position as Chairman of Plaintiff, the entity responsible for infrastructure projects in the city of Changsha. *Id.* ¶¶ 1-6. Plaintiff asserts causes of action under California law against Defendants for breach of fiduciary duty, constructive fraud, aiding and abetting, unjust enrichment, and constructive trust. *See* Dkt. 1-2 ¶¶ 81-112.

On October 8, 2018, Defendants filed a Notice of Removal in federal court, asserting that Plaintiff's action "involves an embedded federal question." Dkt. 1 at 2 (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005)). On October 5, 2018, Plaintiff filed a motion to remand the case to state court. Dkt. 12.

## II.   Standard of Review

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:18-cv-02159-SVW-SHK | Date | December 11, 2018 |
| Title | *Changsha Metro Group Co. Ltd. v. Peng Xufeng et al.* | | |

contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal pursuant to 28 U.S.C. § 1441. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). District courts within the Ninth Circuit "strictly construe the removal statute against removal jurisdiction" and reject removal "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citations omitted). The defendant seeking removal "bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

**III.    Analysis**

Defendants have not met their burden to articulate how Plaintiff's claims implicate an "embedded federal question." Dkt. 1 at 2. While federal jurisdiction may exist over claims that "depend[] on the resolution of a substantial question of federal law," *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 949 (9th Cir. 2004), the only substantive federal question Defendants attempt to identify in their opposition to the motion for remand is the potential applicability of federal criminal laws for money laundering and bribery to Plaintiff's claims. *See* Dkt. 19 at 6 (citing 18 U.S.C. § 1956(c)(7)(iv)). But Defendants have not explained why or how Plaintiff's claims would "necessarily turn on federal money laundering law" beyond mere conclusory statements. *Id.* Thus, Defendants have not shown how Plaintiff's complaint artfully pled around a federal question essential to the resolution of Plaintiff's state law claims. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Neither have Defendants purported to explain how any such federal question, if one even existed, would be "substantial" and "disputed," as opposed to a simple application of a federal statute to determine the validity of a state law claim. *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674-75 (9th Cir. 2012). Therefore, the Court has no basis to maintain jurisdiction over Plaintiff's action based on the Notice of Removal and Defendants' arguments in support.

Defendants argue that this Court has jurisdiction over Plaintiff's case because Plaintiff is an entity wholly controlled by the Chinese government, and therefore Plaintiff should be characterized as the foreign sovereign of China. Dkt. 19 at 4-5. Defendants bring a motion for sanctions on this basis and seek a determination from the Court that Plaintiff should be reclassified as the sovereign entity of China. Dkt. 20. Absent a valid basis for federal jurisdiction, the Court cannot hear Defendants' motion. In any

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-02159-SVW-SHK | Date | December 11, 2018 |
|---|---|---|---|
| Title | *Changsha Metro Group Co. Ltd. v. Peng Xufeng et al.* | | |

event, even if Plaintiff were to be the sovereign entity of China, that fact alone would not provide this Court with federal jurisdiction. Defendants cite to the Foreign Sovereign Immunities Act of 1973, 28 U.S.C. § 1330 (the "FSIA"), which allows a sovereign entity defending an action to remove any case filed in state court against it. *See Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 489 (1983); *see also* 28 U.S.C. § 1330(a) ("The district courts shall have original jurisdiction . . . of any nonjury civil action *against* a foreign entity . . . .") (emphasis added). However, as Plaintiff correctly points out in its reply brief, the FSIA is permissive, in that it does not necessitate that *every* case in which a sovereign entity is a defendant must be removed. *See Verlinden*, 461 U.S. at 489 (the FSIA "guarantees foreign states the *right* to remove any civil action from a state court to a federal court") (citing 28 U.S.C. § 1441(d)). The FSIA only gives the *sovereign entity* the right to remove and does not allow for a defendant sued by a foreign entity to remove against the sovereign entity's will. *Id.*; *see also* 28 U.S.C. § 1441(d) ("Any civil action brought in a State court against a foreign state . . . may be removed *by the foreign state* to the district court of the United States for the district and division embracing the place where such action is pending.").

Defendants have not explained how confirming that Plaintiff is the sovereign entity of China would provide federal jurisdiction by raising "substantial questions of international comity, reciprocity, state action, and the [FSIA]," Dkt. 19 at 5, or how determining Defendants' motion for sanctions would "affect[] [Defendants'] ability to properly oppose [Plaintiff's] motion to remand," *id.* at 8. The substantive arguments Defendants seek to advance before this Court simply provide no reason for proper federal jurisdiction over Plaintiff's action, and the Court cannot not consider Defendants' arguments on the motion for sanctions without jurisdiction. Accordingly, Defendants have not met their burden to overcome the presumption against removal jurisdiction, and Plaintiff's case must be remanded to state court.

### IV. Conclusion

Based on the above, Plaintiff's motion to remand the case to state court is GRANTED. Because the case is remanded, Plaintiff's motion for sanctions, Dkt. 20, is DENIED as moot.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | PMC |